**SIGNED THIS: April 30, 2008**

_____
                                 **MARY P. GORMAN**
                  **UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| In Re | ) | |
|---|---|---|
| | ) | In Bankruptcy |
| LUCY ANN SNOWDEN, | ) | |
| | ) | Case No. 07-72276 |
| Debtor. | ) | |

## O P I N I O N

This matter comes before the Court upon the Chapter 7 Trustee's objection to the Debtor's claim of exemption in proceeds from the sale of her homestead. For the reasons stated herein, the Trustee's objection will be denied.

On May 4, 2007, Lucy Ann Snowden ("Debtor") sold her residence at 2348 Grandview, Springfield, Illinois. After payment of all liens and closing expenses, Debtor received $19,028.09. On October 31, 2007, the Debtor filed her voluntary petition under Chapter 7 of the Bankruptcy Code. On her schedules, she disclosed ownership of a bank account at U.S. Bank and claimed the amount in the

-1-

account of $13,900 as exempt.  She identified the funds in the account as net proceeds from the sale of her homestead.  Mariann Pogge, who was appointed the Chapter 7 Trustee ("Trustee") in the case, filed a timely objection to the Debtor's claim of exemption in the funds in the U.S. Bank account

Illinois law provides two alternative exemptions for debtors with respect to homestead interests.[1]  Every individual is entitled to exempt a homestead estate of up to $15,000 in value in property that the debtor occupies as a residence.  735 ILCS §5/12-901. However, if a homestead has been sold, a debtor is entitled to an exemption in the same amount in traceable proceeds from the sale of the homestead for a period of one year after the proceeds were received.  735 ILCS §5/12-906.  Debtor here claims the proceeds in her U.S. Bank account exempt under §12-901 which is technically incorrect.  The Trustee has acknowledged, however, that the Debtor could claim an exemption under §12-906 and has not raised the failure to cite the correct statutory provision as a basis to deny the Debtor's claimed exemption.  Under these circumstances, the failure to cite the precise statutory basis for the claimed exemption is not fatal. See In re Willoughby, 2003 WL 22849766 *1 (Bankr. C.D. Ill.)

The Trustee's written objection to Debtor's claim of exemption in the proceeds states that the basis for the objection is that the

---

[1] Illinois law controls here because Illinois has opted out of the federal exemptions as allowed by 11 U.S.C. §522(b).  See 735 ILCS §5/12-1201.

Debtor "may have established another residence after selling the property, but prior to filing in (*sic*) this case...."  At the initial hearing on the Trustee's objection held December 11, 2007, the Trustee made no mention of any other residence or homestead of the Debtor.  Rather, the Trustee stated that the basis of her objection was that the Debtor had not provided sufficient documentation to convince the Trustee that the funds in the account were, in fact, traceable to the sale of the Debtor's homestead.  Further, the Trustee asserted that for the funds to be exempt, the Debtor had to show that she intended to reinvest the proceeds in a new homestead, and the Trustee questioned whether the Debtor had any such intent.

At the conclusion of the hearing, the Trustee stated that she wanted to make sure that the Debtor understood that she was obligated to continue to hold and not spend the proceeds in the U.S. Bank account until the exemption issue was resolved.  The Debtor, who was present with her attorney, quickly acknowledged that she had no intention of spending the funds until the legal issues were settled.  The Trustee then requested an order prohibiting the Debtor from spending the funds.  Even though the Trustee had no motion pending seeking that relief, the Debtor's attorney agreed to such an order being entered, and this Court subsequently entered an agreed order directing the Debtor to maintain the bank account in the amount of $13,900 until further order of court.

A second status hearing was held on the Trustee's objection on

January 10, 2008. At that hearing, the Trustee advised this Court that she had been provided sufficient bank records and other documents to establish that the funds in the account were traceable to proceeds from the Debtor's sale of her homestead. With that issue resolved, the Trustee stated that the only remaining issue was whether Illinois law requires that a debtor evidence an intent to reinvest homestead sale proceeds in another homestead in order for the §12-906 exemption to apply. The Court asked the parties to brief the legal issue. Thereafter, the matter was set for an evidentiary hearing.

At the evidentiary hearing held March 25, 2008, the Debtor testified that, in 2007, she was experiencing significant stress due to receiving a number of collection calls related to her debts. She decided to sell her home and use the equity to attempt to settle her debts. After selling her home, however, she was unable to finalize settlement agreements with many of her creditors and, therefore, decided to file her bankruptcy case. The Debtor testified that she had hoped to be able to settle her debts and have a little money left for a "cushion" but that just did not work out. She further testified that it was at the time of filing and continues to be her intent to use the sale proceeds to purchase a small home or condominium or to pay the entrance fee at a retirement home. She acknowledged that, as of the hearing date, she had no specific plans for the reinvestment of the funds in another homestead. She indicated that she was waiting to explore her options until all matters in her bankruptcy case were settled.

In her written memorandum of law and at the conclusion of the evidentiary hearing, the Trustee argued - relying on <u>In re Ziegler</u>, 239 B.R. 375 (Bankr. C.D. Ill. 1999) - that the Debtor must have a firm intent to reinvest her sale proceeds in a new homestead in order for the §12-906 exemption to apply.  The Trustee further asserted that the Debtor's conduct does not support a finding of the requisite intent.

<u>Ziegler</u> involved debtors who sold their home to a relative to avoid foreclosure but remained in the home renting back from the relative after the sale.  The <u>Ziegler</u> court found the sale to be "contrived" and denied the debtors' claim of exemption in the sale proceeds.  <u>Id.</u> *at* 379.

The facts in this case are dramatically different than <u>Ziegler</u>.  Debtor here sold her home to an unrelated third party and moved from the premises.  Her motivation for selling was not specifically to obtain a new homestead.  However, the uncontradicted evidence is that, having failed to work out repayment agreements with her creditors, she filed bankruptcy with the intent of using the sale proceeds to acquire a home of some type once she is free to use the funds.  Her intent to reinvest the proceeds in a homestead of some sort has not wavered.  The Trustee argues that a debtor must have the intent to reinvest the proceeds at the time of sale and that, if a debtor's motivation or purpose for the sale is something other than the acquisition of a new homestead, the proceeds exemption is lost.  That contention is not supported by relevant authority.

A debtor may be forced to sell a homestead for various reasons, including a divorce, condemnation, or partition. The fact that a debtor's sale is not made for the express purpose of acquiring a new homestead is not a basis to deny a debtor an otherwise available exemption in homestead proceeds. Willoughby, 2003 WL 22849766 *at* \*2 (Debtor entitled to exemption in proceeds from sale of homestead interest to ex-wife per the terms of judgment for dissolution of marriage).

Debtor's sale was for the legitimate purpose of trying to use her home equity to pay her bills. Had she accomplished her purpose, she might have avoided the filing of a bankruptcy. The Debtor did not, however, achieve her goals and thereafter has expressed a sincere intent to reinvest in a homestead. Her testimony on that issue was credible and uncontroverted.

Although the Trustee was unable to contradict the Debtor's testimony about her intent, the Trustee asks the Court to look at the Debtor's conduct in not reinvesting the proceeds in another homestead as evidence of her lack of intent. The Trustee complains that the Debtor has not entered into any contracts to purchase or made any specific plans regarding the acquisition of a new homestead. In making this argument, the Trustee ignores the fact that the Debtor was ordered, at the request of the Trustee, to maintain the proceeds account until the legal issues regarding the funds were resolved. The Debtor would have jeopardized her discharge if she had spent the money. *See* 11 U.S.C. §§727(a)(2)(B), 727(a)(6), 727(d)(3). Likewise, the Debtor would

have been foolish to have entered into a contract to purchase property not knowing if or when she could complete the purchase. This Court can draw no negative inferences about the Debtor's intent to acquire a new homestead based on the Debtor's compliance with this Court's order to maintain and not spend the proceeds until her right to do so was determined.

The Illinois exemption statute contains no express provision which requires a debtor to have an intent to invest in a new homestead in order to claim the proceeds exemption. *See* 735 ILCS §5/12-906. The requirement for such an intent was, admittedly, judicially created to further the purposes of the exemption statute. <u>Ziegler</u>, 239 B.R. *at* 378. To the extent that such an intent is required to qualify for the proceeds exemption, the Debtor here has established such an intent by a preponderance of the evidence and should be allowed to claim the exemption.

As a final argument, the Trustee now also asserts that, even if the Debtor has the requisite intent and the proceeds are currently exempt, this Court should continue the matter until the one-year statutory period runs and allow the Trustee to claim the proceeds if the Debtor does not reinvest in another homestead during that time. The Trustee relies on <u>In re Zibman</u>, 268 F.3d 298 (5th Cir. 2001), as authority for her position. In <u>Zibman</u>, the debtors were denied their exemption in proceeds when they failed to reinvest them in a new homestead within the six-month statutory period allowed by Texas law, even though the six-month period had not yet run when the bankruptcy case was filed. <u>Id</u>. at 304.

-7-

This Court finds no reason to adopt the Zibman holding. Courts interpreting Illinois exemption laws have traditionally followed a "snap-shot" rule holding that exemptions are determined as of the date of a case filing. In re Summers, 108 B.R. 200, 203 (Bankr. S.D. Ill. 1989). Developments which occur after filing should not impact on the entitlement to an exemption properly claimed at filing. In re Walston, 190 B.R. 855, 859 (Bankr. S.D. Ill. 1996). Clearly, the one-year statutory limit on the availability of the proceeds exemption is an integral part of the Illinois exemption statute. However, this Court will not read into the law that, if a debtor no longer qualifies for an exemption in certain property after filing, the Trustee may then administer that property as though it had never been exempt. Id. Absent express statutory authority, a trustee should not be allowed to monitor a debtor's post-filing behavior and to revisit exemption claims if a debtor fails or is unable to maintain property in the form that made it exempt at the time of the case filing.

This Court also finds that, at least under the facts of this case, imposing the Zibman rule would be fundamentally unfair to the Debtor. As set forth above, the Trustee obtained a court order, albeit by agreement, that the homestead sale proceeds be maintained and not spent. This Court would not have entered the order, and it is doubtful that the Debtor would have agreed to the entry of the order if, at the time the order was requested, the Trustee had raised the Zibman argument. If Zibman were to apply here, then the Debtor should have had full access to the money and an opportunity

to spend the money for a homestead or otherwise during the remaining portion of the exemption period.  Although the Illinois exemption law is intended to protect the homestead interest, no penalties exist for spending homestead proceeds on living or other expenses.  The exemption in the remaining proceeds is not necessarily lost even when portions of the funds are "frittered" away.  Ziegler, 239 B.R. *at* 377-78.

Debtor here did not have the opportunity to use the exempt proceeds as allowed by Illinois law and, accordingly, to now penalize her for not doing so would be unfair.  This Court declines to follow Zibman.

For the reasons set forth above, the Trustee's objection to Debtor's claim of exemption will be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###